

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. T. Gilbert Adams
County Attorney
Jasper County
Jasper, Texas

Dear Sir:                          Opinion No. O-7093

                    Re:  Times during which pleas
                         may be accepted by a County
                         Court, and the number of
                         terms which a Commissioners'
                         Court may set.

        This acknowledges receipt of your letter of recent date,
which reads as follows:

        "I would thank you to furnish me with a complete
opinion upon the following question:

        "Can a Plea of Guilty be heard by the County Court
of Jasper County, Texas, at any time, when a jury has
been waived and the Defendant desires to enter his
plea of guilty, pay his fine, and be discharged?

        "My opinion as to the Article 518, C. C. P. is
that such a hearing cannot be had during the times
between the regular terms of Court and that that Arti-
cle has been found to be unconstitutional. But in read-
ing Article 1970, Sections 228 to 237, inclusive, it
appears that the County Court of Jasper County, Texas,
can be in session from term to term or until the
business of the Court is finished. The last above
cited Article deals directly with the County Court
of Jasper County, Texas, designating the terms of
Court and gives the Commissioners Court of Jasper
County, Texas, the right to change the terms annually,
if they see fit.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"On the 11th day of April, 1932, the Commissioners Court of Jasper County did enter an order which reads as follows:  'It is ordered by the Court that the terms of the County Court of Jasper County, Texas, shall be and is hereby set and designated to convene on the following dates, towit:  First Monday in January, May, July and October of each year and each term shall be for a period of three weeks from the date of convening of the County Court.'  This seems to limit the wording of the Statute above quoted.

"Since I have been serving as County Attorney, and before, it has been the practice of the Court to take Pleas of Guilty from all defendants desiring to enter their pleas before the Court, at any time, regardless of the term of the Court.  We have several Liquor Violations and Driving While Intoxicated violations each week.  There has never been a contested case of this kind in this County since I have been County Attorney and on the date of the violation or the day after, the plea is accepted by the Court, the penalty assessed and paid and the defendant discharged.  No question has ever been raised as to the validity of this action on the part of the Court, until today.

"If such procedure is void under the present order of the Commissioners Court and can be corrected by a new order, I would like to be advised as to the proper wording of the order.  If some other means are available to make it valid to take the plea at anytime, I would like to be advised so that the proper order can be passed. Your immediate reply to this request will be greatly appreciated."

We know of no statutory or constitutional authority empowering a County Court to accept pleas of guilty in misdemeanor cases at any time other than in a term time of said Court.  We are enclosing a copy of our Opinion No. O-3090, which deals with this question.

The Commissioners' Court of Jasper County may set the terms of the County Court whenever it deems necessary, Article 1970-237, V. A. C. S. Article 5, Section 29, Texas Constitution, and Article 1961 allow such setting of terms annually. We believe that the wording adopted by the Jasper County Commissioners' Court in 1932 meets the formal requirements for such orders.

With reference to your question concerning a new order of the Commissioners' Court setting terms of the County Court, we cite the case of Farrow v. Starr Ins. Co. of America, 273 S. W. 318, wherein the Court stated:

"The Commissioners' Court . . . , at a regular session, adopted an order, providing, in effect, that a term of the County Court shall be held in said County beginning on the first Monday in the months of January, February, March, April, May, June, July, August September, October, November, and December, which terms shall continue in session until the end of the week last preceding the first Monday in the next month, thus providing for twelve terms of the County Court."

The foregoing order was attacked on two grounds: one, that a statute (Article 1777, enacted in 1885) limited the terms of county courts to six; two, that the Commissioners' Court had no authority to make such an order. The Court held Article 1777 unconstitutional and upheld the authority of the Commissioners' Court to make the order. The Court said:

"The Legislature is not authorized to create additional terms nor to limit the number of terms the Commissioners' Court may create, but only to provide for the four terms created by the Constitution (Article 5, Section 29), and the Commissioners' Court, without any limitation. The Commissioners' Court had the right to fix the number of terms annually . . . ., subject only to the constitutional provision that there shall be at least four terms of said Court." (Words in parentheses and emphasis added.)

Hon. T. Gilbert Adams, page 4

We cite further the case of Brazos River Gas Co. v. McGarr, 113 S. W. (2d) 643, wherein an order of a Commissioners' Court provided that the terms of the County Court should begin on the first Monday of alternate months, including October, to continue "three weeks or until the business should have been disposed of but not beyond the date of commencement of the next term." The Court said that the order was sufficiently definite and upheld said order.

We conclude, then, that the Commissioners' Court may so set the terms of the County Court that the effect will be that the said County Court may be in session from term to term, or until the business of the Court is finished.

We trust that the foregoing fully answers your questions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ Richard H. Cooke
        Assistant

Approved Jul 3, 1946
Carlos C. Ashley
First Assistant
Attorney General

By  /s/ William E. Stapp

WES:rt;djm

Approved:  Opinion Committee
By   GWB
        Chairman